UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| DEANGELA FROST and <br> JOHN SOTOFALCON, <br><br> Plaintiffs, <br><br> v. <br><br> LUIS VALDEZ-GONZALEZ, et al., <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> )   No. 1:18-cv-0088-SNLJ <br> ) <br> ) <br> ) <br> ) <br> ) |

**MEMORANDUM and ORDER**

Plaintiffs filed this lawsuit against defendants seeking damages for injuries sustained as the result of a motor vehicle accident. Plaintiffs named as defendants the driver of the tractor-trailer with which they collided, Luis Valdez-Gonzalez, and TMB Carriers, which employed defendant Valdez-Gonzalez. Although this lawsuit was filed in 2018, plaintiffs did not serve defendant Valdez-Gonzalez until 2020. Thus, the first Case Management Order was not entered in this case until April 2020.

Plaintiffs have since obtained new counsel. The new attorneys now seek to file an Amended Complaint adding new claims and theories. The original complaint included four counts --- one count of negligence against defendant Valdez-Gonzalez on behalf of each plaintiff, and one count of respondeat superior against defendant TMB Carriers on behalf of each plaintiff.

The First Amended Complaints seeks to add the following allegations of negligence to Counts I and III against defendant Valdez-Gonzalez: Operating the tractor-

1

trailer without adequate training and experience; operating the tractor-trailer when not properly qualified to do so; driving while tired and/or fatigued in violation of 49 CFR 392.3; and driving while under the unsafe side-effects of prescription medication.

The First Amended Complaint also seeks to add Counts V-VIII, all against defendant TBM Carriers: Count V–Independent Negligence against Defendant TBM Carriers; Count VI –Direct Negligence against Defendant TBM Carriers based on negligent hiring/retention; Count VII–Direct Negligence against Defendant TBM Carriers based upon negligent training; and Count VIII–Direct Negligence against Defendant TBM Carriers based upon negligent supervision.

Defendants oppose the motion to file the amended complaint.

As for the addition of counts against defendant TBM Carriers, under Missouri law, "[t]here are at least three distinct theories under which an employer might be held to have derivative or dependent liability for the conduct of an employee." *State ex rel. McHaffie v. Bunch*, 891 S.W.2d 822, 825 (Mo. *banc* 1995) (citing *Ransom v. Adams Dairy Co.*, 684 S.W.2d 915, 920 (Mo. App. E.D. 1985)). "Derivative or dependent liability means that one element of imposing liability on the employer is a finding of some level of culpability by the employee in causing injury to a third party." *Id*.

However, "[t]he majority view is that once an employer has admitted respondeat superior liability for a driver's negligence, it is improper to allow a plaintiff to proceed against the employer on any other theory of imputed liability." *Id.* at 826 (citations omitted). "[I]t is improper for a plaintiff to proceed against an owner of a vehicle on the independent theory of imputed negligence where respondeat superior is admitted." *Id*.

2

"Vicarious liability or imputed negligence has been recognized under varying theories, including agency, negligent entrustment of a chattel to an incompetent, conspiracy, the family purpose doctrine, joint enterprise, and ownership liability statutes." *Id.*

Defendant TBM Carriers has already admitted that defendant Valdez-Gonzalez was an employee of defendant TBM Carriers and was operating in the scope and course of his employment with defendant TBM Carriers at the time of this motor vehicle accident. The additional counts against TBM Carriers are therefore unnecessary, particularly because plaintiffs do not seek punitive damages from any party. *See id.* at 827.

Plaintiffs argue the additional allegations against defendant Valdez-Gonzalez should be allowed because he does not speak English and was operating without a valid Commercial Drivers License. The police report attached to plaintiffs' complaint, however, shows defendant Valdez-Gonzalez possessed a valid CDL issued by the Country of Mexico. Defendant also had a valid Department of Transportation number.

Regardless, this and other allegations against defendant Valdez-Gonzalez could have been brought at the start of the lawsuit. Plaintiffs fail to address why they believe they should be permitted to add allegations of defendant Valdez-Gonzalez driving while tired and/or fatigued in violation of 49 C.F.R. § 392.3 and/or driving while under the unsafe side-effects of prescription medication. Defendants suggest these allegations are being added based on nothing more than speculation or an attempt to harass, annoy, embarrass, or intimidate defendants. Ultimately, plaintiffs do not bring punitive damages

claims against the defendants, and they do not need these allegations added to the complaint for purposes of their claims.

And, critically, plaintiffs did not file a reply brief refuting any of the above reasons to deny their motion to amend their complaint nearly three years after the lawsuit was filed. The deadline for filing an amended complaint was April 30, 2020. Plaintiffs suggest that the entire delay can be blamed on the fact that service on defendant Valdez-Gonzalez was difficult because he lived in Mexico, but there was zero activity on the docket sheet in this case for nearly a year after the matter was removed. Defendant TMB Carriers has admitted its respondeat superior liability, the case has progressed through a year of discovery, and this Court is unwilling to add superfluous counts and claims that would further delay its progress.

Accordingly,

IT IS HEREBY ORDERED that plaintiffs' motion to file first amended complaint [#61] is DENIED.

Dated this 29th day of April, 2021.

_____
STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE